By the Court.—Freedman, J.
Granting that the construction of wills the rule is that where the ■effect of a condition is either to enlarge or to defeat an estate already created, it is deemed a condition subsequent ; that in the case of a condition subsequent, where the estate is not given over, it will be considered as only in terrorem; that a condition in restraint of marriage, without consent, must be construed strictly in favor oí the person on whom the restraint is laid ; *263 that the general intent of the testator is to prevail, and that that intent is to be gathered not from a part, but from the whole of the will, so that an intent inferable from the language of a particular clause may be qualified or changed by other portions of the will, evincing' a different intent,-—granting that all these propositions are sound in law in the abstract, and should be made to govern, if applicable—I am nevertheless of the opinion that upon the facts as found, and as to which there is no dispute, the learned judge below arrived at the proper conclusions.
The bequest of $16,000 to Mary Ann, was made to depend on the happening of either of two contingencies, viz. : on her arriving at the full age of twenty-one, or on her marrying before that time with the joint consent of her mother and the executors named in the will. Neither of these contingencies occurred, for she died when she was about eighteen, and she had then been married to the plaintiff for more than one year without the consent of her mother. In the case of her marriage before twenty-one, the joint consent of her mother and the executors to the marriage was a condition precedent. This follows not only from the interpretation of the particular clause creating the bequest, but from the construction of the will as a whole.
- Having married without such joint consent, and died before she arrived at the prescribed age, the provision made for her consisted of a legacy of $5,000, for which, sum judgment has been awarded.
The judgment should be affirmed, with costs, upon the opinion of the learned judge below.
Sedgwick, Oh. J., and Truax, J., concurred.

 The question whether the testator’s daughter, had she lived to the age of twenty-one years, would, under the facts, be entitled to $16,000, was not before the court.